UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HOPE R. LEWIS,**

    **Plaintiff,**

                              **Civil Action 2:12-cv-00479**
    v.                           **Judge James L. Graham**
                              **Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

### REPORT AND RECOMMENDATION

This matter is before the Court on the parties' Joint Stipulation and Motion to Remand to the Commissioner.  (ECF No. 13.)  In the Stipulation, the parties request a remand to the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C. § 405(g).  Under 42 U.S.C. § 405(g), the Court may, upon motion consideration of the pleadings and the transcript, affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

Here, the parties stipulate that remand is necessary to allow the Administrative Law Judge to offer Plaintiff a new opportunity for a hearing, evaluate the opinion and treatment notes of Plaintiff's treating physician, and explain the reasons for weight assigned to the treating physician's opinion and re-evaluate Plaintiff's residual functional capacity.  (ECF No. 13, at 1.)

Pursuant to the parties' Stipulation, it is **RECOMMENDED** that the Motion be **GRANTED** and that this case be remanded to the Commissioner for further proceedings and a new decision.

If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: November 6, 2012                    /s/ *Elizabeth P. Deavers*
                                          Elizabeth P. Deavers
                                          United States Magistrate Judge